SHORTESS, Judge,
concurring.
I agree that Rivnor Properties had a secured claim under Louisiana Revised Statute 22:757(11). Paragraph two of the escrow agreement provides in pertinent part: “The Escrow Fund shall constitute a deposit made by Fidebty Fire in favor of Rivnor to secure Fidebty Fire’s obbgation to pay rent under the Lease.” Paragraph 24 of the original lease provides that if Fidebty becomes insolvent or if proceedings are taken against Fi-debty “looking to the appointment of a receiver,” Rivnor may, without any notice or putting in default, “declare ab of the unpaid installments of rent at once due and exigible, and the whole thereof shab become and be immediately due and payable ... and proceed to enforce its legal remedies_” Pursuant to this acceleration clause in the lease, Rivnor had a right to the sum in escrow as of the date of hquidation.
Rivnor submitted a proof of claim for un- • paid and future rental payments totaling $754,524.91. Revised Statute 22:761(D) provides that the owner of a secured claim may resort to the security to discharge the claim, after which the deficiency is treated as a claim against the general assets. The trial court correctly ordered that the sum held in the concursus proceeding be paid to Rivnor in partial satisfaction of the indebtedness.
For these reasons, I respectfully concur.